**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-50169

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAIME RIVERA-QUINTANA; ULISES RIVERA-QUINTANA,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Texas
(SA-98-CR-301-2)
February 9, 2000

Before POLITZ and DAVIS, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:[**]

The appellants, Jaime and Ulises Rivera-Quintana, were convicted on multiple counts involving transporting and harboring illegal aliens. In this appeal, appellants make numerous joint and independent claims. Jointly, the appellants argue that the Government failed to present sufficient evidence to support their convictions and the district court erred in admitting an officer's opinion testimony at trial. Independently, Jaime Rivera-Quintana argues that the Government improperly presented an officer's testimony to the grand jury summarizing the evidence in the case; that the district court committed reversible error by admitting

---

[*]The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statements, in violation of his <u>Miranda</u> rights and rights secured to him under the Vienna convention; and that the court erroneously enhanced Jaime's sentences for creating a substantial risk of death or serious bodily injury in the commission of the offense.

While one statement made before <u>Miranda</u> warnings were given may have been admitted in error, the substance of the statement was proven many times over and any error was harmless.  After reviewing the record, considering the briefs and arguments of counsel, we are persuaded that none of the appellants' other arguments has merit and that the court committed no reversible error.  Accordingly the conviction and sentences of the defendants are affirmed.

AFFIRMED.